No. 36,563

EMANUEL SCHWAB, *Appellee,* v. LLOYD FAIRBANKS, *Appellant.*

(168 P. 2d 915)

Opinion filed May 4, 1946.

*E. C. Brookens* and *John W. Brookens,* both of Westmoreland, were on the briefs for the appellant.

*Albert M. Cole* and *H. E. Crosswhite,* both of Holton, were on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: Plaintiff Schwab brought this action to recover from defendant Fairbanks on a contract for baling hay and from a judgment against him Fairbanks has appealed, the questions presented for our consideration being whether Schwab was entitled to a judgment on express contract, or if not, then on an implied contract. In addition it is also contended the judgment is contrary to law and the evidence and that the trial court erred in denying Fairbanks' motion for a new trial. We shall refer to the parties by their surnames.

The petition charged that Schwab, at Fairbanks' request, had baled 46 tons of hay at $3.75 and that there was due the sum of $172.50 which Fairbanks refused to pay. Fairbanks filed an answer denying allegations of the petition and a cross petition in which

he alleged he had sold the hay in the stack to one Koelling who employed Schwab to bale the hay. The details of the baling and subsequent sale of the hay were alleged. It was also alleged that Schwab had neglected and refused to bale all of the hay and part had been lost, to Fairbanks' damage in the sum of $280.80; that Schwab had carried off two bales of hay worth $1.20 and had broken a tooth worth one dollar on Fairbanks' haystacker. He prayed that Schwab take nothing by reason of his petition and that Fairbanks have judgment against Schwab in the sum of $283. Schwab's reply included a denial of new matter.

At the trial a jury was waived and the cause was tried by the court, which made no findings of fact nor conclusions of law, but found generally in favor of Schwab and rendered judgment in his favor for the sum of $124.66 and costs. Fairbanks' motion for a new trial was denied and he appeals.

The evidence received by the trial court covered many details concerning the original sale of the hay by Fairbanks to Koelling, the amount of hay baled, the amount not baled and lost or ruined, and a subsequent sale by Fairbanks, as well as contradictory evidence as to whether Fairbanks agreed to pay for the baling. In view of the judgment we must assume the court gave credence to the evidence supporting Schwab's claim. Stated very briefly the evidence showed that Fairbanks had six stacks of unbaled hay, and made an agreement for sale thereof to Koelling, at certain prices per ton, a down payment of $25 being made. Koelling employed Schwab to bale the hay at $3.75 per ton. Schwab started to bale the hay but found that a part of it was of poor quality and a part unsalable and he quit baling and told Fairbanks that in his judgment Koelling would not take the hay. Fairbanks told Schwab he did not know the hay was as bad as it was but to go ahead and bale the hay and he would guarantee payment. Schwab stated he continued and in all baled 1,250 bales of about seventy pounds each. Koelling had railroad cars set out to ship the hay but when he saw it he refused to take it and pay for it, and he released the cars. Fairbanks then got the cars and shipped two carloads of the hay to Kansas City and sold the hay as his property. The total weight of hay sold in Kansas City was 63,250 pounds. Seventy bales weighing 4,200 pounds were not shipped. When Schwab brought his baling machine to Fairbanks' farm there was no hay in it and when he left there were two bales in it. It seems conceded these bales were

worth $1.20. In moving out the baling machine Schwab used and broke a piece of Fairbanks' haystacker which Fairbanks testified cost sixty-five cents. Schwab attempted to collect from Koelling and later from Fairbanks, and ultimately brought the present action against Fairbanks.

A calculation from the evidence discloses that at $3.75 a ton it would cost to bale the hay sold and retained the sum of $126.45, and that plaintiff would be entitled to that sum. Charging him with the two bales taken away at $1.20 and the piece of the stacker at sixty-five cents, there would be due a net amount of $124.60. The trial court gave judgment for $124.66.

As heretofore noted Fairbanks contends that Schwab was not entitled to recover on the contract pleaded, but he cites no authority in support. To reach that conclusion he relies strongly on parts of the evidence favorable to such a conclusion and ignores or minimizes the evidence which the trial court relied on to reach the judgment rendered. There was evidence that when the condition of the hay was discovered and Schwab was going to quit, Fairbanks told Schwab to go ahead and he would guarantee the baling and thereupon Schwab finished the job, and that Fairbanks accepted the fruits of its performance is not denied. Fairbanks' contention there was no evidence to prove an express contract between Schwab and himself cannot be sustained.

Fairbanks also contends that the evidence disclosed that Schwab had a contract with Koelling for the baling, and not a contract with him, and that he may not recover from him on the theory of an implied contract. In connection with this contention our attention is directed to authorities dealing with the right to recover on implied contract, what constitutes a novation, and effects following. All of these contentions are predicated on the premise there was no express contract between Fairbanks and Schwab for baling the hay. The premise for the contentions is not good and they will not be discussed.

Under a general heading that the judgment of the trial court is contrary to the law and the evidence, Fairbanks reviews the evidence in some detail, stressing his dealings with Koelling and that Koelling had hired Schwab to bale the hay, and generally ignoring the agreement of Fairbanks and Schwab. Our attention is directed to Fairbanks' theory on trial that Koelling had purchased the hay and had hired Schwab to bale it and that Fairbanks had no liability,

and to expression of doubt as to the trial court's theory and whether it allowed Schwab's recovery on the theory of express contract, implied contract or novation. The argument presented is a repetition of that heretofore mentioned. We have no difficulty in discerning that the trial court rendered judgment on an express contract. Its judgment was not contrary to the law and the evidence.

In connection with his contention the trial court erred in denying his motion for a new trial, Fairbanks urges nothing which has not been mentioned heretofore.

It has not been made to appear the trial court erred in the judgment rendered, and that judgment is affirmed.